UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| ANGEL HERNANDEZ and FRANCISCO SERRANO, individually, and on behalf of others similarly situated, | : <br> : <br> : <br> : | Index No.: 07 CV 11138 |
| Plaintiffs, | : <br> : | |
| -against- | : <br> : | **ANSWER** |
| TRILOKE REALTY, LLC and JOHN DOES #1-#10 | : <br> : <br> : | |
| Defendants. | : | |

---

Defendant, Triloke Realty, LLC ("Defendant"), by and through its attorneys, Westerman Ball Ederer Miller & Sharfstein, LLP, answering the Complaint of plaintiffs Angel Hernandez ("Hernandez") and Francisco Serrano ("Serrano", together with Hernandez, collectively, "Plaintiffs") dated December 10, 2007 (the "Complaint"), respectfully states as follows:

1.      Defendant denies the allegations contained in paragraph 1 of the Complaint.

2.      Defendant denies the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      The allegations contained in paragraph 3 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

4.      The allegations contained in paragraph 4 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

5.      The allegations contained in paragraph 5 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

**PARTIES**

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint, but admits that Defendant maintains an office at 134 West 29th Street, Suite 1008, New York, New York 10003.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

10.      The allegations contained in paragraph 10 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

11.      Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.      Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.      The allegations contained in paragraph 13 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

14.      Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.      The allegations contained in paragraph 15 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

**CLASS ACTION ALLEGATIONS**

16.      The allegations contained in paragraph 16 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

17.     The allegations contained in paragraph 17 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     The allegations contained in paragraph 19 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

20.     The allegations contained in paragraph 20 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

21.     Defendant denies the allegations contained in paragraph 21.

22.     The allegations contained in paragraph 22 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

23.     The allegations contained in paragraph 23 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

## STATEMENT OF FACTS

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint, but admits that Hernandez worked at the Building (as hereinafter defined) until Hernandez was dismissed for insubordination in or about October 2007.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint, but admits that Hernandez was hired to perform porter services at Defendant's residential rental building located at 13-34 Caffrey Avenue, Far Rockaway, New York (the "Building").

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint, but admits that Hernandez's weekly base pay was $400.00 per week.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint, but admits that Serrano worked at the Building from until Serrano was dismissed for insubordination on or about October 15, 2007.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint, but admits that Serrano was hired to perform porter services at the Building.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint, except admits that Serrano's weekly base pay was $375.00 per week.

32.    Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act)

38.    Defendant repeats, reiterates and realleges each and every denial, admission, or other response to the allegations contained in paragraphs "1" through "37" of the Complaint as if fully set forth herein.  Defendant denies each and every allegation not admitted unequivocally herein.

39.    Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     The allegations contained in paragraph 46 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION
### (New York State Labor Law)

48.     Defendant repeats, reiterates and realleges each and every denial, admission, or other response to the allegations contained in paragraphs "1" through "47" of the Complaint as if fully set forth herein.  Defendant denies each and every allegation not admitted unequivocally herein.

49.     The allegations contained in paragraph 49 of the Complaint contain conclusions of law which do not require a response and are otherwise denied.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

## AS TO JURY DEMAND

53.     The allegation making a demand for a jury trial in the Complaint does not require a response and is otherwise denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54.     Plaintiff's Complaint should be dismissed for failure to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55.     Plaintiffs' claims should be dismissed because Plaintiffs were not required, authorized or permitted to work overtime hours at any time without the approval of Defendant and/or Defendant's managing agent, and neither the Defendant nor its managing agent ever authorized overtime for Plaintiffs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56.     Plaintiffs' claims should be dismissed because of Plaintiffs' misconduct, insubordination and fraud.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58.     Plaintiff was not "engaged in commerce or in the production of goods for commerce" as such term is defined in the Fair Labor Standards Act ("FLSA").

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59.     Defendant is not an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60.     Defendant has not violated the Fair Labor Standards Act and/or the New York State Labor Laws.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61.     Plaintiffs' claims are barred by the doctrine of unclean hands by reason of their own misconduct, tax evasion and fraud.  Plaintiffs seek to be unjustly enriched; therefore, Plaintiffs' claims should be denied in the entirety.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

62.     Plaintiff has been paid wages in excess of minimum wage.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

63.     Plaintiffs' claims are barred because they were paid any overtime wages they were entitled to receive.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

64.     Plaintiffs routinely, regularly and consistently failed to show up for work, left work early and/or took longer breaks than permitted.  Therefore, Plaintiffs' daily work hours were less than the minimum work hours required of them and reduced the Plaintiffs' work hours to less than 40 hours per week.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

65.     This Court lacks subject matter jurisdiction because the amount of damages allegedly suffered by Plaintiff do not exceed the statutory requirement of this Court.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

66.     This action may not be sustained as a collective action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

67.     This action may not be sustained as a class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

68.     Defendant has not violated any federal, state and/or local wage and/or hour laws with regard to Plaintiffs and/or any other person allegedly subject to joinder in this action.

**WHEREFORE,** Defendant demands judgment in its favor dismissing Plaintiffs' Complaint with prejudice and granting Defendant its costs, counsel fees, disbursements and expenses incurred in this action, together with such other and further relief as the Court deems just, proper and equitable.

Dated: Mineola, New York
      February 11, 2008

WESTERMAN BALL EDERER MILLER
& SHARFSTEIN, LLP

By: _____
Phillip J. Campisi, Esq. (PC 0875)
170 Old Country Road, Suite 400
Mineola, New York 11501
(516) 622-9200
Fax: (516) 622-9212
*Attorneys for Defendant*

TO:    Justin A. Zeller, Esq. (JZ 7094)
      LAW OFFICES OF JUSTIN ZELLER
      251 West 14th Street, 5th Floor
      New York, NY 10011
      Tel: (212) 229-2249
      Fax: (212) 229-2246
      *Attorney for Plaintiffs*

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF ~~NEW YORK~~ )
Nassau

UMESH ADVANEY, having been duly sworn, deposes and says:

I am a member of Triloke Realty, LLC, the defendant in the above-captioned action. I have read the foregoing Answer and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
UMESH ADVANEY

Sworn to before me this
11th day of February, 2008

_____
Notary Public

**JAY HOWARD LEVINTON**
Notary Public, State of New York
No. 02LE6142056
Qualified in Suffolk County
Commission Expires March 13, 20 10

{Answer / 00077821.DOC /}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANGEL HERNANDEZ and FRANCISCO
SERRANO, individually, and on behalf of          Index No.: 07 CV 11138
others similarly situated,

                                    Plaintiff,        **AFFIDAVIT OF SERVICE**

            - against -

TRILOKE REALTY, LLC and JOHN
DOES #1-#10

                                    Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU )

        SHERITA COOK, being duly sworn, deposes and says:

        That I am not a party to this action, am over 18 years of age and reside in the County of
Nassau in the State of New York;

        On February 11, 2008, deponent served a true and correct copy of the enclosed: **ANSWER** by
depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official
depository under the exclusive care and custody of the United States Postal Service within the State
of New York upon via facsimile upon:

        Justin A. Zeller, Esq. (JZ 7094)
        LAW OFFICES OF JUSTIN ZELLER
        251 West 14th Street, 5th Floor
        New York, NY 10011
        Fax: (212) 229-2246
        *Attorney for Plaintiffs*

                                                        _____
                                                        SHERITA COOK

Sworn to before me this
// h___ day of February, 2008

_____
Notary Public

                                LINDA KLEMBALLA
                        NOTARY PUBLIC, STATE OF NEW YORK
                        NO. 01KL6130742, SUFFOLK COUNTY
                        TERM EXPIRES JULY 18, ___2009